UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

BRENDA VECCHIARELLI,
a Florida citizen and resident,

      Plaintiff,

v.

NCL (BAHAMAS) LTD., a Bermuda
corporation d/b/a NORWEGIAN
CRUISE LINES,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff BRENDA VECCHIARELLI, a Florida citizen and resident, and files this Complaint against Defendant, NCL (BAHAMAS) LTD, a Bermuda corporation with its principal place of business in Florida, doing business as NORWEGIAN CRUISE LINES, and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff, BRENDA VECCHIARELLI (hereinafter "Plaintiff"), is sui juris and is a resident and citizen of the State of Florida

3. Defendant NCL (BAHAMAS) LTD. ("NCL") is a Bermuda corporation with its principal place of business in Miami-Dade County, Florida. For federal jurisdictional purposes, it is a citizen of both Bermuda and Florida.

4. Subject matter jurisdiction exists based on admiralty pursuant to 28 U.S.C. §1333

VECCHIARELLI v. NCL,
CASE NO.

as the events and injuries alleged below arose out of the activities and services provided to Plaintiff in connection with a voyage involving a vessel sailing on and located within navigable waters, and arose out of a traditional maritime activity, the operation of a passenger cruise vessel.. The injuries and damages alleged below support an award in excess of $75,000.

5.   At all material times, NCL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over NCL exists in the United States District Court for the Southern District of Florida.

6.   At all material times, NCL has engaged in the business of operating maritime cruise vessels for fare-paying passengers, including Plaintiff.

7.   In the operative ticket contract, NCL requires fare-paying passengers such as Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8.   Venue is also proper in this district because Defendant's principal place of business is located within this district.

9.   Plaintiff has complied with all conditions precedent to bringing this action, including providing timely written notice of her claim pursuant to the ticket contract.

**LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS**

10. At all material times, NCL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the NORWEGIAN EPIC ("EPIC").

11. At all material times, NCL operated, managed, maintained and was in exclusive control of the EPIC and the passenger walkways located thereon.

12. At all material times, including November 22, 2024, Plaintiff was a fare-paying passenger aboard the EPIC and in that capacity was lawfully present aboard the vessel.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

VECCHIARELLI v. NCL,
CASE NO.

13. At all material times, NCL owed Plaintiff, as a fare-paying passenger lawfully aboard its cruise vessel, a duty of reasonable care under the circumstances for her safety.

14. On or about November 22, 2024, there existed a hazardous and dangerous condition on the vessel at the Glass Bridge on Deck 7 near the Cagney Restaurant consisting of a raised transition strip and/or raised threshold creating a sudden change in elevation in the walking surface.

15. At the time and place referred to in the preceding paragraph, Plaintiff was walking along the Glass Bridge on Deck 7 when her foot contacted the raised transition strip, causing her to trip, lose her balance, and fall violently to the deck surface.

16. The dangerous condition described above was not open and obvious to Plaintiff or to any reasonably careful passenger walking in the area because the transition strip was not readily perceptible in the walking path and lacked sufficient visual cues to alert passengers to the change in elevation in the deck surface.

17. Two shipboard employees witnessed Plaintiff's fall and were present in the immediate vicinity at the time it occurred. They assisted Plaintiff to her feet, after which the incident was reported to ship security and documented by ship personnel.

18. At all material times prior to November 22, 2024, NCL had actual and/or constructive notice of the dangerous condition because trip hazards created by raised thresholds and transition strips are a known and recurring safety issue in passenger walking areas aboard cruise ships, including in high pedestrian traffic areas such as restaurants and adjacent walkways.

19. Specifically, NCL was aware of prior passenger injury incidents caused by raised thresholds, transition strips, or similar elevation changes on its vessels, including but not limited to the following substantially similar incidents:

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

VECCHIARELLI v. NCL,
CASE NO.

a. On May 20, 2023, cruise passenger Linda Lalusis tripped and fell over a raised threshold at or near the piano bar doorway aboard the Norwegian Breakaway. *Lalusis v. NCL (Bahamas) Ltd.,* Case No. 1:24-cv-21354 (S.D. Fla.).

b. On April 8, 2024, cruise passenger Barbara Goolsby tripped and fell over a metal threshold in a passenger hallway on Deck 8 aboard the Norwegian Breakaway. *Goolsby v. NCL (Bahamas) Ltd.,* Case No. 1:25-cv-23175 (S.D. Fla.).

c. On April 21, 2024, cruise passenger Peggy Eng Jung tripped and fell over a metal threshold in the doorway near Guest Services on Deck 6 aboard the Norwegian Breakaway. *Jung v. NCL (Bahamas) Ltd.,* Case No. 1:25-cv-21328 (S.D. Fla.).

d. On November 7, 2024, cruise passenger Sviben tripped and fell due to a raised threshold and/or change in level in the flooring while walking on Deck 7 toward the theater aboard the Norwegian Gem. *Sviben v. NCL (Bahamas) Ltd.,* Case No. 1:25-cv-24590 (S.D. Fla.).

e. On August 24, 2024, cruise passenger Thomas Nino tripped and fell over a raised threshold aboard the Norwegian Pride of America. *Nino v. NCL (Bahamas) Ltd.,* Case No. 1:25-cv-21079 (S.D. Fla.).

20. On information and belief, additional prior substantially similar incidents will be discovered during litigation, but before filing suit any information regarding such incidents, other than publicly available records, is in the exclusive possession of Defendant.

21. Alternatively, the hazardous condition existed for a sufficient length of time so that NCL, in the exercise of reasonable care, should have discovered the condition through routine inspection of passenger walkways and corrected it before Plaintiff was injured.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

VECCHIARELLI v. NCL,
CASE NO.

22. As a direct and proximate result of the raised transition strip causing Plaintiff to trip and fall as described above, Plaintiff was injured in and about her body and extremities, including but not limited to a fracture wrist, suffered pain and mental anguish, incurred past and future medical expenses, the future medical expenses being reasonably certain to occur, sustained disability and impairment, and suffered loss of capacity for the enjoyment of life. These damages are permanent or continuing in nature and Plaintiff will continue to suffer them in the future.

## COUNT I – NEGLIGENT MAINTENANCE
### (Direct Liability)

23. Plaintiff adopts, realleges, and incorporates by reference Paragraphs 1 through 22 above as though fully set forth herein.

24. At all material times, Defendant owed Plaintiff, as a fare-paying passenger aboard its vessel, a duty of reasonable care under the circumstances for her safety, including a duty to properly maintain its vessel and, in particular, the walking surface at the Glass Bridge on Deck 7 near the Cagney Restaurant in a reasonably safe condition for passengers traversing the area.

25. At all material times, the area where Plaintiff tripped and fell was in a condition dangerous to passengers traversing it, for the reasons stated in Paragraphs 14 through 20 above.

26. At all material times, Defendant knew or should have known that the dangerous condition referenced in Paragraphs 14 through 20 above posed a tripping hazard to passengers because the walking surface contained a raised transition strip creating a sudden change in elevation directly in the normal path of pedestrian travel.

27. The dangerous condition existed for a sufficient period of time to permit detection and correction through reasonable inspection and maintenance, and Defendant had actual and/or constructive notice as described in the incorporated paragraphs above.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

VECCHIARELLI v. NCL,
CASE NO.

28. Notwithstanding its actual and/or constructive knowledge of the dangerous condition, Defendant failed before the time of Plaintiff's fall to take reasonable measures to maintain the area in a reasonably safe manner and was thereby negligent.

29. Defendant's specific negligent acts and/or omissions include, but are not limited to:

    a. Failing to maintain the walking surface in a reasonably safe condition so as to prevent trip-and-falls;
    b. Allowing a raised and non-flush threshold to exist in a primary passenger walkway;
    c. Failing to repair or otherwise correct the hazardous elevation change;
    d. Failing to conduct sufficiently frequent or adequate inspections of the passenger walkway;
    e. Failing to correct the hazard after notice;
    f. Otherwise failing to exercise reasonable care under the circumstances.

30. As a direct and proximate result of one or more of Defendant's negligent acts and/or omissions as described above, Plaintiff tripped and fell and sustained the injuries described in the incorporated damages paragraph.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, costs, and trial by jury.

## COUNT II – NEGLIGENT FAILURE TO WARN
### (Direct Liability)

31. Plaintiff adopts, realleges, and incorporates by reference Paragraphs 1 through 22 above as though fully set forth herein.

32. At all material times, Defendant owed Plaintiff, as a fare-paying passenger lawfully aboard its vessel, a duty of reasonable care under the circumstances for her safety, including a duty to warn of dangerous conditions of which Defendant knew or should have known and which were not open and obvious to reasonable passengers.

33. At all material times, the area where Plaintiff tripped and fell was in a dangerous condition for the reasons set forth in the incorporated paragraphs above, including the presence of a raised

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

VECCHIARELLI v. NCL,
CASE NO.

transition strip creating a sudden change in elevation in the walking surface along the normal path of passenger travel.

34. At all material times, the dangerous condition was not open and obvious to reasonable passengers, including Plaintiff, because the elevation change lacked sufficient visual cues to alert a passenger walking forward along the pathway to the tripping hazard.

35. Notwithstanding Defendant's actual and/or constructive knowledge of the dangerous condition described above, Defendant failed before the time of Plaintiff's injury to take reasonable measures to adequately warn passengers of the hazard through adequate signage, oral warnings, written warnings, guarding the area, restricting access, or otherwise, and was therefore negligent.

36. As a direct and proximate result of Defendant's negligent failure to warn, Plaintiff encountered the dangerous condition, tripped and fell, and sustained the injuries and damages described in the incorporated damages paragraph above.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, interest, costs of this action, and trial by jury.

## COUNT III – NEGLIGENT MAINTENANCE
### (Vicarious Liability)

37. Plaintiff adopts, realleges, and incorporates by reference Paragraphs 1 through 22 above as though fully set forth herein.

38. At all material times, the NCL crewmembers assigned to and present in the Glass Bridge walkway area on Deck 7 had responsibilities which included monitoring passenger walkways, assisting passengers, and addressing unsafe conditions encountered in passenger traffic areas.

39. These duties required crewmembers to exercise reasonable care to ensure that walking surfaces used by passengers were maintained in a reasonably safe condition for normal pedestrian travel.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

VECCHIARELLI v. NCL,
CASE NO.

40. At all material times, including the time referenced above, NCL was vicariously liable for the failure of its crewmembers, acting in furtherance of the business of the vessel, to exercise reasonable care for the safety of passengers traversing the walkway.

41. At all material times, the crewmembers present in the area had a duty to identify and address tripping hazards in the passenger walkway, including unsafe elevation changes in the walking surface.

42. The crewmembers failed to exercise reasonable care to ensure that the walking surface was safe for passenger use.

43. The crewmembers' specific negligent acts or omissions include, but are not limited to, the following:

    a. Failing to maintain the walking surface in a reasonably safe condition so as to prevent trip-and-falls;
    b. Allowing a raised and non-flush threshold to exist in a primary passenger walkway;
    c. Failing to correct or report the hazardous elevation change;
    d. Failing to guard or otherwise protect passengers from the hazardous condition;
    e. Permitting passengers to traverse the area despite the unsafe condition; and
    f. Otherwise failing to exercise reasonable care in addressing the hazardous condition.

44. At all material times, NCL is vicariously liable for the negligent acts and omissions of the crewmember or crewmembers referenced above, since those crewmembers were acting within the course and scope of their employment and in furtherance of the vessel's business.

45. As a direct and proximate result of the crewmembers' negligence, Plaintiff tripped and fell and sustained the injuries and damages described above.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, costs, and trial by jury.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

VECCHIARELLI v. NCL,
CASE NO.

## COUNT IV – NEGLIGENT FAILURE TO WARN
### (Vicarious Liability)

46. Plaintiff adopts, realleges, and incorporates by reference Paragraphs 1 through 22 above as though fully set forth herein.

47. At all material times, the NCL crewmembers present in the immediate area of the Glass Bridge walkway where Plaintiff fell, at the time Plaintiff fell as alleged in Paragraph 15, including but not limited to the specific crewmembers who admitted witnessing Plaintiff's trip and fall as alleged in Paragraph 17, had duties which included warning passengers of dangerous conditions in passenger walkways and assisting passengers in safely traversing the area.

48. At all material times, NCL was vicariously liable for the failure of its crewmembers, acting in furtherance of the business of the vessel, to exercise reasonable care to protect passengers from hazards in the passenger walkway.

49. The crewmembers referenced above had the opportunity and ability to warn Plaintiff of the dangerous condition described in the incorporated paragraphs above.

50. Notwithstanding the foregoing, the crewmembers failed before the time of Plaintiff's injury to take reasonable measures to adequately warn passengers including Plaintiff of the hazard through verbal warnings, guarding the area, restricting access, or otherwise, and were therefore negligent.

51. NCL is vicariously liable for the negligence of its crewmembers committed within the course and scope of their employment.

52. As a direct and proximate result of the crewmembers' negligent failure to warn, Plaintiff encountered the dangerous condition, tripped and fell, and sustained the injuries and damages described above.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

VECCHIARELLI v. NCL,
CASE NO.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, costs, and trial by jury.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 19th day February, 2026.

> s/*PHILIP M. GERSON*
> NICHOLAS I. GERSON
> Florida Bar No. 0020899
> ngerson@gslawusa.com
> filing@gslawusa.com
> PHILIP M. GERSON
> Florida Bar No. 127290
> pgerson@gslawusa.com
> EDWARD S. SCHWARTZ
> Florida Bar No. 346721
> eschwartz@gslawusa.com
> DAVID MARKEL
> Florida Bar No. 78306
> dmarkel@gslawusa.com
> NICHOLAS M. PLYMALE
> Florida Bar No. 1057884
> nplymale@gslawusa.com
> GERSON & SCHWARTZ, P.A.
> Attorneys for Plaintiff
> 1980 Coral Way
> Miami, FL 33145-2624
> Telephone:     (305) 371-6000
> Facsimile:     (305) 371-5749